THE AMERICAN DISTRICT TELEGRAPH CO. OF CINCINNATI
ET AL., APPELLANTS, *v.* PUBLIC UTILITIES COMMISSION
OF OHIO ET AL., APPELLEES.
KUCINICH, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF
OHIO, APPELLEE.
CITY OF CLEVELAND, APPELLANT, *v.* PUBLIC UTILITIES
COMMISSION OF OHIO, APPELLEE.

(Nos. 73-891, 73-942 and 73-949—Decided
December 18, 1974.)

84

*Mr. John J. Gill,* for appellants in case No. 73-891.

*Mrs. Esther S. Weissman,* for appellant in case No. 73-942.

*Mr. Herbert R. Whiting,* director of law, *Mr. Robert D. Hart* and *Mr. William B. Schatz,* for appellant in case No. 73-949.

*Mr. William J. Brown,* attorney general, and *Mr. Keith F. Henley,* for appellee Public Utilities Commission.

*Messrs. Jones, Day, Cockley & Reavis, Mr. James E. Courtney, Mr. Lanty L. Smith, Mr. Charles B. Ballou* and *Mr. Ronald L. Orloff,* for appellee Ohio Bell Telephone Co.

*Per Curiam.* Appellants primarily contend that the rate structure approved by the Public Utilities Commission unlawfully discriminates against them. Because appellants believe that their rates for telephone service inside Cuyahoga County are arbitrarily higher than those in other areas of Ohio, they challenge the validity of the "banding system" which Ohio Bell used to help set telephone rates in this state.

The concept of "banding" developed after this court gave approval to telephone companies using company-wide property, revenues and expenses to justify rates in a particular locality in Ohio which was serviced by the company. *Marion* v. *P. U. C. O.* (1954), 161 Ohio St. 276, 119 N. E. 2d 67; *Cambridge* v. *P. U. C. O.* (1953), 159 Ohio St. 88, 111 N. E. 2d 1. Classifying subscribers by bands became a method by which the company could distribute customer costs on a reasonable basis and according to the value of the service to customers within each band.

The banding structure involved in these cases establishes twelve "rate bands" throughout Ohio. Each band groups customers on the basis of the number of stations they can call without having to pay an additional long distance

charge. Thus, the number of main line telephones one can call without the additional toll determines which band the customer falls within. Customers in the larger bands can call more stations without paying the long distance charge than customers in the smaller bands, and they are therefore charged a higher rate because the value of the service provided to them is greater.* All customers within the same band pay the same rate for the same type of service, regardless of where they may live in Ohio.

In the case of *Chamber of Com. v. P. U. C. O.* (1954), 161 Ohio St. 306, 119 N. E. 2d 51, it is stated at page 311 in the opinion that "* * * a utility may charge but one rate for a particular service, and any discrimination between customers as to the rate charged for the same service under like conditions is improper; *but a utility may, without being guilty of unlawful discrimination, classify its customers on any reasonable basis and make separate rates for each class.*" (Emphasis added.)

In the case at bar, customers are charged different rates depending upon which band they fall within. However, such classifications are reasonable because a significantly different value of service is provided in each band. The rate structure approved by the commission, which includes the banding system, is not arbitrary or discriminatory, but is a reasonable method by which Ohio Bell can determine which customers receive the greater benefit of its services, and charge them accordingly.

We have examined the other questions raised and conclude that the order of the commission is neither unreasonable nor unlawful, and it is, therefore, affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

*For example, rate band I includes areas with up to 7,000 main line telephones whereas rate band IX encompasses localities with 625,001 to 825,000 toll-free stations. The city of Cleveland falls within this latter band, and it is evident that a subscriber within band IX has the ability to reach a far greater number of stations toll-free than one within band I.